1  KEN M. MARKOWITZ (SBN 104674)
   SAMANTHA D. HILTON (SBN 215585)
2  KENNEY & MARKOWITZ L.L.P.
   255 California Street, Suite 1300
3  San Francisco, CA 94111
   Telephone:    (415) 397-3100
4  Facsimile:    (415) 397-3170

5  Attorneys for Defendant
   AMERICAN MEDICAL SYSTEMS, INC.

E-filing

ORIGINAL

6

7              UNITED STATES DISTRICT COURT

8            NORTHERN DISTRICT OF CALIFORNIA

*EDL*

9

10  ELLEN AMBROFF and TERRY
    AMBROFF,                          CV 08      2764

11
          Plaintiffs,              NOTICE OF REMOVAL OF CIVIL
12                                 ACTION FROM SAN FRANCISCO
                                   COUNTY SUPERIOR COURT
13  v.
                                   DEMAND FOR JURY TRIAL
14  AMERICAN MEDICAL SYSTEMS,
    McKESSON CORPORATION, and DOES  [CGC-08-474505]
15  ONE through TWENTY-FIVE, inclusive,

16        Defendants.

17

18

19  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

20  DISTRICT OF CALIFORNIA:

21       Defendant American Medical Systems, Inc. ("AMS") hereby removes this action from the

22  Superior Court of the County of San Francisco to the United States District Court for the Northern

23  District of California.

24  I.   FACTUAL SUMMARY

25       On April 22, 2008, ELLEN AMBROFF and TERRY AMBROFF ("plaintiffs") filed in the

26  Superior Court for the State of California in and for the County of San Francisco, an action

27  entitled *Ellen Ambroff and Terry Ambroff v. American Medical Systems, McKesson Corporation,*

28  *and Does One through Twenty-Five, inclusive,* as case number CGC-08-474505 (the "action").

Kenney
&
Markowitz
L.L.P.

{30115.302053 0133685.DOC}                -1-
      NOTICE OF REMOVAL OF CIVIL ACTION FROM SAN FRANCISCO COUNTY SUPERIOR COURT
                                   CASE NO:

1    Plaintiffs bring this action seeking damages for the personal injuries allegedly caused by, among

2    other things, the negligence, and breach of warranty of defendants. *See* Complaint attached hereto

3    as Exhibit A.

4          The following documents constitute all of the process, pleadings and orders received by

5    AMS in the aforementioned action:

6          1.      Summons and Complaint that was mailed to American Medical Systems in

7    Minnetonka, Minnesota on or about April 24, 2008 by certified mail.

8          2.      Defendant McKesson Corporation's Answer to Plaintiffs' Unverified Complaint,

9    filed on May 15, 2008.

10         3.      Defendant McKesson Corporation's Special Interrogatories to Plaintiff, Terry

11   Ambroff, Set One, served on May 20, 2008.

12         True and correct copies of the above-described documents are submitted herewith and

13   marked as Exhibits A through C and are incorporated by reference in this notice as though set

14   forth in full, not for the truth of the matters asserted, but to demonstrate the nature of the

15   allegations made by plaintiffs and when such allegations were made known to AMS.

16   **II.    BASIS FOR REMOVAL**

17         This action is removable to this Court under 28 U.S.C. § 1441(a), because this Court would

18   have original diversity jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. § 1332 had

19   plaintiffs elected to file the action initially in federal court. All properly joined defendants are

20   citizens of states other than the states of citizenship of all plaintiffs. The amount in controversy

21   exceeds $75,000, exclusive of interests and costs. Although defendant, McKesson Corporation, is

22   citizen of California, it has been fraudulently joined in this action, therefore, its citizenship may be

23   disregarded for purposes of removal. *Morris v. Princess Cruises, Inc.* (9th Cir. 2001) 236 F3d

24   1061, 1067.

25         **A.    Citizenship of the Parties**

26         For diversity purposes, a corporation is deemed to be a citizen of its state of incorporation

27   and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Defendant

28   AMS is a corporation organized and existing under the laws of the State of Delaware and with its

Kenney
&
Markowitz
L.L.P.

{30115.302053 0133685.DOC}                    -2-
NOTICE OF REMOVAL OF CIVIL ACTION FROM SAN FRANCISCO COUNTY SUPERIOR COURT
CASE NO:

1 principal place of business in the State of Minnesota. Defendants identified as "DOES ONE

2 through TWENTY-FIVE" have been sued under fictitious names and, therefore, may be

3 disregarded for purposes of diversity. *See* 28 U.S.C. § 1332(a). No properly joined defendant is a

4 citizen of California.

5    Upon information and belief, plaintiffs ELLEN AMBROFF and TERRY AMBROFF are

6 citizens of the State of California. Because plaintiffs are not citizens of Delaware or Minnesota,

7 there is complete diversity of citizenship for the purposes of establishing diversity jurisdiction.

8   **B.**  **Fraudulent Joinder of Non-diverse Defendant**

9    Removal of this action is proper even though a non-diverse defendant, McKesson

10 Corporation, is named in the Complaint. A nondiverse party named in the state court action may

11 be disregarded if the federal court determines that party's joinder is a "sham" or "fraudulent" so

12 that no possible cause of action has been stated against that party. *Morris v. Princess Cruises, Inc.*

13 (9th Cir. 2001) 236 F3d 1061, 1067; *Triggs v. John Crump Toyota, Inc.* (11th Cir. 1998) 154 F3d

14 1284, 1287—"Fraudulent joinder is a judicially created doctrine that provides an exception to the

15 requirement of complete diversity."

16    AMS is not asserting that plaintiffs intentionally named the non-diverse defendant,

17 McKesson Corporation, to defeat federal jurisdiction. "Fraudulent joinder" is a term of art and is

18 "merely the rubric applied when a court finds either that no cause of action is stated against the

19 non-diverse defendant, or in fact no cause of action exists. In other words, a joinder is fraudulent if

20 there is *no real intention to get a joint judgment, and ... there is no colorable ground for so*

21 *claiming.*" *AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.* (4th Cir. 1990) 903 F2d

22 1000, 1003 (emphasis added; internal quotes and parentheses omitted); see also *McCabe v.*

23 *General Foods Corp.* (9th Cir. 1987) 811 F2d 1336, 1339.

24    The Complaint alleges that, "[d]efendant McKESSON CORPORATION ("McKESSON")

25 is a corporation existing with its principal place of business at One Post Street, San Francisco,

26 California 94104. At all times herein mentioned, Defendant McKESSON is, and was, engaged in

27 the business of marketing, distributing, promoting, advertising and selling the APOGEE synthetic

28 mesh nationwide and in the State of California. Compl. at ¶5 attached as Exhibit A. Defendant,

Kenney
&
Markowitz
L.L.P.

1    McKesson Corporation, was fraudulently joined in this action because AMS is the only

2    manufacturer and distributor of the APOGEE synthetic mesh system referenced in the Complaint.

3    AMS has no records that it ever sold or otherwise distributed an APOGEE synthetic mesh system

4    to McKesson Corporation or any of its subsidiaries. See Declaration of Larry Getlin attached as

5    Exhibit E. No cause of action, therefore, exists against the non-diverse defendant, McKesson

6    Corporation, for defects and/or malfunctions of the APOGEE synthetic mesh system as asserted in

7    the Complaint.  Where a diverse defendant (AMS) is joined with a non-diverse defendant

8    (McKesson) as to whom there is no joint, several or alternative liability and where the claim

9    against the diverse defendant has no real connection to the claim against the non-diverse

10   defendant, there exists fraudulent joinder and the non-diverse defendant should be disregarded for

11   purposes of removal. *Triggs v. John Crump Toyota, Inc.* (11th Cir. 1998) 154 F3d 1284, 1287;

12   *Morris, supra,* at 1067.

13        For purposes of determining whether a defendant's joinder is "fraudulent," the Court may

14   consider the allegations of the complaint and facts presented by defendant in its notice of removal.

15   *See Ritchey v. Upjohn Drug Co.* (9th Cir. 1998) 189 F3d 1313, 1318. The Court may also consider

16   affidavits or other evidence on the issue of whether a particular defendant's joinder is "sham" or

17   "fraudulent." *West America Corp. v. Vaughan Basset Furniture* (9th Cir. 1985) 765 F2d 932, 936,

18   fn. 6; *Cavallini v. State Farm Mut. Auto Ins. Co.* (5th Cir. 1995) 44 F3d 256, 263.

19        **C.    Amount in Controversy**

20        Although plaintiffs have not alleged damages in a specific dollar amount, it is facially

21   apparent from the allegations of the complaint that the amount in controversy in this case exceeds

22   the $75,000.[1] Where a state court complaint fails to allege a specific sum of damages in excess of

23   the jurisdictional requirements for removal, the removing defendant bears the burden of making

24   such a showing. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (holding

25   that defendant seeking to remove must establish that is it "more likely than not" that the amount in

26   controversy exceeds the jurisdictional minimum.) A defendant seeking removal may make this

Kenney
&
Markowitz
L.L.P.

27

28

---

[1] By removal, AMS does not concede that plaintiffs are entitled to damages in excess of $75,000, or in any amount.

1    showing by either: (1) demonstrating that it is "facially apparent" that the allegations on the face

2    of the complaint are likely above $75,000, or (2) setting forth specific facts in its removal petition

3    which demonstrate this likelihood. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir.

4    1999) (holding removal proper where the complaint on its face alleges facts in controversy which

5    appear likely to satisfy the jurisdictional minimum); *see also Singer v. State Farm Mut. Ins. Co.*,

6    116 F.3d 373, 377 (9th Cir. 1997) (holding removal proper and affirming district court's finding

7    that claims alleged on face of complaint satisfied the amount in controversy requirement).

8        Plaintiffs' complaint, on its face, satisfies the amount in controversy requirement. The

9    complaint alleges that "[a]s a result of the APOGEE synthetic mesh system Plaintiff ELLEN

10   AMBROFF suffered debilitating injuries from the synthetic mesh including mesh erosion,

11   hardening, chronic pain and worsening dyspareunia leading to the need for dangerous and serious

12   vaginal surgery; required and will continue to require healthcare and services; has incurred and

13   will continue to incur medical and related expenses; has suffered and will continue to suffer

14   mental anguish, diminished capacity for the enjoyment of life, a diminished quality of life, chronic

15   debilitating pain, and other such damages." Compl. ¶ 30.  The complaint further alleges that, "[i]n

16   doing the acts herein described, the Defendants, and each of them, acted with oppression, fraud

17   and malice, and Plaintiff is therefore entitled to punitive damages to deter Defendants, an [sic]

18   each of them, and others from engaging in similar conduct in the future." Compl. ¶31.

19       Given the nature and extent of plaintiffs' alleged injuries and the compensatory damages

20   claimed, plaintiffs' alleged damages exceed $75,000, and are sufficient to support removal of this

21   action. *See Luckett, supra,* at 299; *Singer, supra* at 377; *Megas v. State Farm Fire & Cas. Co.*, No.

22   96-2935, 1997 U.S. Dist. Lexis 4634, at *12 (N.D. Cal. Feb. 19, 1977) (denying motion for

23   remand where complaint revealed likely damages in excess of jurisdictional minimum).

24       For each of the foregoing reasons, the damages alleged in the complaint likely exceed

25   $75,000. Therefore, this action is removable based on diversity of citizenship. 28 U.S.C. §§ 1332,

26   1441.

27   **III.    TIMELINESS OF REMOVAL**

28       On April 24, 2008, AMS was served with a summons and copy of the complaint by

Kenney
&
Markowitz
L.L.P.

certified mail. A true and correct copy of the complaint is attached hereto as Exhibit A. Section

415.40 of the California Code of Civil Procedure permits out-of-state defendant to be served by

certified mail and service of summons is deemed complete on the tenth day after mailing. AMS

has, therefore, timely removed this action within the time prescribed by 28 U.S.C. § 1446(b).

**IV.    CO-DEFENDANTS' CONSENT TO REMOVAL**

AMS is informed and believes that it and McKesson Corporation are the only served

defendants in this action. AMS is informed and believes that McKesson Corporation was

fraudulently joined in this action. Consent to removal is not required by nominal, sham, or

fraudulently joined defendants. *Farias v. Bexar County Bd. of Trustees for Mental Health* (5th Cir.

1991) 925 F2d 866, 871.

**V.    VENUE OF REMOVED ACTION**

This Court is the United States District Court for the district embracing the place where the

state court action is pending. The lower court action was pending before the Superior Court for

the County of San Francisco. Therefore, pursuant to 28 U.S.C. §§ 1441(b) and 1446 and Northern

District of California Civil Local Rules 3-2(d), the United States District Court for the Northern

District of California is the appropriate court for removal.

**VI.    PLEADINGS IN THE STATE COURT ACTION**

Copies of all pleadings and pertinent papers served on AMS in the state court action are

attached hereto as Exhibits A through C. AMS filed its general denial and answer to the complaint

in the sate court action on June 2, 2008. A copy of the court endorsed answer is attached hereto as

Exhibit D. A copy of this notice has been served on all parties of record and filed with the Clerk

of the Superior Court for the County of San Francisco.

///

///

///

///

///

///

Kenney
&
Markowitz
L.L.P.

{30115.302053 0133685.DOC}                         -6-
NOTICE OF REMOVAL OF CIVIL ACTION FROM SAN FRANCISCO COUNTY SUPERIOR COURT
CASE NO:

1  **VII.    CONCLUSION**

2       AMS respectfully prays that the above action be removed from the state court in which it

3  was filed, to the United States District Court in and for the Northern District of California, and

4  prays further that this Honorable Court issue all necessary orders and process and grant such other

5  and further relief as in law and justice defendant may be entitled to receive.

6

7  DATED: June 3, 2008                    **KENNEY & MARKOWITZ L.L.P**

8                                         By:_____

9                                            KEN M. MARKOWITZ
                                            SAMANTHA D. HILTON
10                                          Attorneys for Defendant
                                            AMERICAN MEDICAL SYSTEMS,
11                                          INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kenney
&
Markowitz
L.L.P.

{30115.302053 0133685.DOC}                    -7-
NOTICE OF REMOVAL OF CIVIL ACTION FROM SAN FRANCISCO COUNTY SUPERIOR COURT
                              CASE NO:

SUM-100

# SUMMONS
## (CITACIÓN JUDICIAL)

| | FOR COURT USE ONLY |
|---|---|
| | (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT**
*(AVISO AL DEMANDADO):*
AMERICAN MEDICAL SYSTEMS, McKESSON CORPORATION, and DOES ONE through TWENTY-FIVE, inclusive

[✓] DOES __1__ TO __25__

**YOU ARE BEING SUED BY PLAINTIFF**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ELLEN AMBROFF and TERRY AMBROFF

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California,*
   *(www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de a corte es):* | *(Número del caso):* C G C - 0 8 - 4 7 4 5 0 5 |
| SAN FRANCISCO SUPERIOR COURT | |
| 400 McAllister Street | |
| San Francisco, CA  94102 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
NANCY HERSH, ESQ.        CALIFORNIA STATE BAR NO.:   TELEPHONE NO.:       FACSIMILE NO.:
HERSH & HERSH, A Professional Corp.    49091      (415) 441-5544
601 Van Ness Avenue, Suite 2080
San Francisco, CA  94102-6396

| DATE: APR 2 2 2008 | Gordon Park-Li Clerk, by | M. RAYRAY | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | **SUMMONS** | |
| SUM-100 [Rev. January 1, 2004] | | 4249 |

*MacForms (509) 535-4382*

EXHIBIT __A-1__

NANCY HERSH, ESQ., State Bar No. 49091
AMY ESKIN, ESQ., State Bar No. 127668
MARK E. BURTON, II, ESQ., State Bar No. 178400
CYNTHIA BROWN, ESQ., State Bar No. 248846
HERSH & HERSH, A Professional Corporation
601 Van Ness Avenue, Suite 2080
San Francisco, CA 94102-6388
(415) 441-5544

RECEIVED
APR 2 8 2008
ENDORSED
FILED
Superior Court of California
County of San Francisco
By AMS Legal Department

APR 2 2 2008

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

Attorneys for Plaintiffs

SEP 1 9 2008 ·9ᵒᵒAM

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

DEPARTMENT 212

ELLEN AMBROFF and TERRY
AMBROFF,

   Plaintiffs,

vs.

AMERICAN MEDICAL SYSTEMS,
McKESSON CORPORATION, and DOES
ONE through TWENTY-FIVE, inclusive,

   Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NUMBER CGC-08-474505

COMPLAINT AND DEMAND FOR
JURY TRIAL
[PRODUCTS LIABILITY]

1.   Strict Liability-Failure to Warn
2.   Strict Liability
3.   Negligence
4.   Breach of Implied Warranty
5.   Breach of Express Warranty
6.   Fraud
7.   Fraud by Concealment
8.   Negligent Misrepresentation
9.   Loss of Consortium
10. Violations of the Consumer Legal Remedies
    Act (Civil Code §1750 *et seq.*)

**DEMAND FOR JURY TRIAL**

1.

Plaintiffs herewith request a trial by jury as to all issues to all material facts.

**PARTIES**

2.

  Plaintiff ELLEN AMBROFF is, and was, at all relevant times, a resident of the

State of California.

- 1 -
COMPLAINT AND DEMAND FOR JURY TRIAL

A-2

3.

Plaintiff TERRY AMBROFF is, and was, at all relevant times, a resident of the State of California.

4.

Defendant American Medical Systems (AMS) is a Delaware corporation, with its principal place of business at 10700 Bren Road West, Minnetonka, Minnesota. American Medical Systems develops technology to diagnose and treat conditions related to the pelvic health of both men and women. American Medical Systems manufactures, markets, advertises, promotes and sells American Medical Systems APOGEE synthetic mesh systems worldwide.

5.

Defendant McKESSON CORPORATION ("McKESSON") is a corporation existing with its principal place of business at One Post Street, San Francisco, California 94104. At all times herein mentioned, Defendant McKESSON is, and was, engaged in the business of marketing, distributing, promoting, advertising and selling the APOGEE synthetic mesh nationwide and in the State of California.

6.

Plaintiffs do not know the true names of the Defendants sued herein as DOES ONE through TWENTY-FIVE, inclusive, and each of them. Plaintiffs allege that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and caused the injuries and damages sustained by Plaintiffs as herein alleged.

7.

In engaging in the conduct alleged herein, each Defendant acted as the agent for each of the other Defendants.

8.

Defendants AMS, McKesson and Does One through Twenty-Five, inclusive, and each of them, will hereafter be referred to as "Defendants."

///

COMPLAINT AND DEMAND FOR JURY TRIAL

A-3

9.

At all times relevant to this action, Defendants, and each of them, intentionally, recklessly and/or negligently concealed, suppressed, omitted, and misrepresented the risks, dangers, defects, and disadvantages of APOGEE synthetic mesh systems, and advertised, promoted, marketed, sold and distributed APOGEE synthetic mesh systems as a safe medical device when, in fact, Defendants, and each of them, knew that APOGEE synthetic mesh systems were not safe for their intended purposes and that APOGEE synthetic mesh systems would cause, and did cause, serious medical problems, and in some patients, catastrophic and permanent injuries.

10.

At all relevant times herein, all Defendants, at all times relevant herein, designed, developed, manufactured, promoted, marketed, distributed, tested, warranted, and sold in interstate commerce (including California) the APOGEE synthetic mesh systems. Defendant McKesson has its principal place of business in San Francisco, California, and all said defendants do substantial business in the State of California, advertise in California, receive substantial compensation and profits from sales of the APOGEE synthetic mesh systems in California.

### FACTUAL ALLEGATIONS

11.

Defendants, and each of them, design, research, develop, manufacture, test, market, advertise, promote, distribute, and sell products that are sold to and marketed to treat vaginal vault prolapse and rectocele, including the implantable APOGEE synthetic mesh system which is the subject of this lawsuit. The APOGEE synthetic mesh system is purported to correct and restore normal vaginal structure by implantation of polypropylene mesh in the vaginal wall tethered in place by two arms that extend up through the buttocks. It is specifically promoted as an innovative, minimally invasive procedure with minimal local tissue reactions, minimal tissue trauma and minimal pain while correcting vaginal prolapse or rectocele.

- 3 -

COMPLAINT AND DEMAND FOR JURY TRIAL

HERSHANDHERSH
A Professional Corporation

A-4

12.

In 2004, Defendants, and each of them, sought and obtained Food and Drug Administration ("FDA") approval to market the Apogee synthetic mesh system under Section 510(k) of the Medical Device Amendment. Section 501(k) allows marketing of medical devices if the device is deemed substantially equivalent to other legally marketed predicate devices marketed prior to May 28, 1976. No formal review for safety or efficacy is required.

13.

Plaintiff ELLEN AMBROFF has a vaginal condition that required surgical intervention for repair. Plaintiff ELLEN AMBROFF was implanted with the AMS APOGEE synthetic mesh system in June 2006. The APOGEE synthetic mesh system was distributed by Defendant McKESSON to Dr. Robert Carter and Marshall Hospital where it was implanted into Plaintiff ELLEN AMBROFF in June 2006. The APOGEE synthetic mesh system implanted in her vagina was designed, developed, manufactured, marketed, promoted, advertised, tested, warranted and distributed by Defendants, and each of them, herein.

14.

From June 2006 through August 2007, Plaintiff ELLEN AMBROFF experienced extreme pain and discomfort and was unable to sit, lie, or walk for extended periods of time. After the APOGEE synthetic mesh had been imbedded beneath her vaginal wall physicians discovered the APOGEE synthetic mesh had shrunk and hardened causing mesh erosion, extrusion, dyspareunia (pain upon intercourse) and extensive scarring in her pelvic region. Plaintiff ELLEN AMBROFF suffered extreme and chronic pain as a result of said scarring and erosion. As a consequence, therein Plaintiff ELLEN AMBROFF endured two corrective surgeries for removal of the implanted mesh resulting in gross deformities to her vagina and rectum causing inabilities to control bowel function, continuing chronic pain, worsening dyspareunia and inability to resume normal activities including household duties and employment. Plaintiff first learned of the known risks of the mesh and alternatives to its

- 4 -
COMPLAINT AND DEMAND FOR JURY TRIAL

A-5

HERSH AND HERSH
A Professional Corporation

1    use within the last year.

2                                    15.

3        Between 2004 and the present, Defendants, and each of them, have received

4    numerous reports of adverse events pertaining to the APOGEE synthetic mesh systems filed

5    by physicians and patients. The most frequent complaints were erosion, extrusion,

6    infection, hardening of the mesh, chronic pain and worsening dyspareunia. Studies show

7    the rate of mesh erosion was 13% accompanied by worsening dyspareunis rates as high as

8    63%. Analysis of the first 100 vaginal mesh procedures revealed a 17.5 % erosion rate.

9                                    16.

10        The 2004 World Health Organization 3rd International Consultation on Incontinence

11    reported mesh repairs have unacceptable high rate of complication that include erosion,

12    extrusion, infection, sepsis, and dyspareunia. Because of the poor risk/benefit ratio of the

13    vaginal mesh systems it was recommended the synthetic mesh systems not to be used until

14    more approved clinical trials of outcome were conducted.

15                                    17.

16        At all times relevant herein, the APOGEE synthetic mesh system was widely

17    advertised and promoted by the Defendants, and each of them, as a safe and effective

18    treatment for rectocele and vaginal prolapse repair.  Said Defendants, and each of them,

19    minimized the risks posed to rectocele and vaginal prolapse patients with implantation of

20    the APOGEE system.

21                                    18.

22        At all times relevant herein, Defendants, and each of them, knew there was a defect

23    and knew the defect in the APOGEE synthetic mesh system was attributable to the erosion

24    and hardening of the mesh material. Defendants, and each of them, knew that the APOGEE

25    mesh is made to allow tissue infiltration and removal is not advised. Complications from

26    the mesh and from mesh removal are life-changing and can be irreversible. This

27    information was known to the Defendants, and each of them, prior to implantation of the

28    APOGEE synthetic mesh system in Plaintiff ELLEN AMBROFF in 2006.

- 5 -

COMPLAINT AND DEMAND FOR JURY TRIAL

A-6

HERSH AND HERSH
A Professional Corporation

19.

At all times relevant to this action, Defendants, and each of them, knew that the Apogee synthetic mesh systems were not safe for the patients for whom they were prescribed and implanted, because the mesh eroded and otherwise malfunctioned, and therefore failed to operate in a safe and continuous manner, causing injuries from erosion, extrusion, infection, sepsis, chronic foreign body invasion, dense adhesions and worsening dyspareunia. Removal of eroded or infected mesh brings a high rate of life-threatening complications including permanent disfigurement and hemorrhage. Removal can take up to three surgical interventions in the operating theater for complete removal and results in scarring on fragile compromised pelvic tissue and muscles.

20.

Defendants' representations regarding the performance of the Apogee synthetic mesh systems, including, but not limited to, the consistency of the performance of the APOGEE synthetic mesh system and their safety and reliability, were untrue as set forth in the published literature and adverse event reports.. The Defendants, and each of them, failed to disclose to physicians, patients or Plaintiff ELLEN AMBROFF that its mesh was subject to erosion or scar tissue formation causing the injuries herein described.

21.

At all relevant times herein, Defendants, and each of them, continued to promote the Apogee synthetic mesh system as safe and effective even when no clinical trials had been done supporting long or short term efficacy.

22.

In doing so the Defendants, and each of them, concealed the known risks and failed to warn of known or scientifically knowable dangers and risks associated with the APOGEE synthetic mesh system for vaginal prolapse or rectocele repair.

23.

Plaintiff ELLEN AMBROFF'S APOGEE synthetic mesh system was explanted in August 2007. The polypropylene mesh had hardened and eroded causing the injuries herein

- 6 -

COMPLAINT AND DEMAND FOR JURY TRIAL

A-7

1    described. Plaintiff ELLEN AMBROFF was, therefore, forced to undergo additional and

2    unnecessary complicated surgery for removal. As a result, Plaintiff ELLEN AMBROFF has

3    suffered severe physical and emotional injuries as a result of the defective APOGEE

4    synthetic mesh system in addition to the injuries and damages sustained as a result of the

5    erosion, painful scarring and worsening and continuing dyspareunia that preceded the

6    explantation.

7                                        24.

8         At all relevant times herein, Defendants, and each of them, failed to provide

9    sufficient warnings and instructions that would have put Plaintiff and the general public on

10   notice of the dangers and adverse effects caused by implantation of the APOGEE mesh

11   system including, but not limited to, mesh erosion, dense adhesions, worsening

12   dyspareunia, chronic pain, infection, sepsis, permanent disfigurement and multiple

13   surgeries for mesh removal.

14                                       25.

15        The APOGEE synthetic mesh system as designed, manufactured, distributed sold

16   and/or supplied by Defendants, and each of them, was defective as marketed due to

17   inadequate warnings, instructions, labeling and/or inadequate testing in the presence of

18   Defendants knowledge of lack of pelvic health safety.

19                                       26.

20        At all times herein mentioned, the officers and/or directors of the Defendants named

21   herein participated in, authorized and/or directed the production and promotion of the

22   aforementioned products when they knew of the hazards and dangerous propensities of said

23   products, and thereby actively participated in the tortuous conduct that resulted in the

24   injuries suffered by Plaintiff.

25                        **FIRST CAUSE OF ACTION**

26                  **[Strict Product Liability - Failure to Warn]**

27                                       27.

28        Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every

COMPLAINT AND DEMAND FOR JURY TRIAL

*A-8*

HERSH&HERSH
A Professional Corporation

1    allegation contained in Paragraphs 1-26, inclusive, of this Complaint.

2                                          28.

3         Defendants, and each of them, manufactured, sold and/or distributed the APOGEE

4    synthetic mesh system to Plaintiff ELLEN AMBROFF to be used for rectocele correction.

5                                          29.

6         At all times mentioned herein, APOGEE synthetic mesh system is, and was,

7    dangerous and presented a substantial danger to patients who were implanted with the

8    APOGEE synthetic mesh system, and these risks and dangers were known or knowable at

9    the time of distribution and implantation in Plaintiff ELLEN AMBROFF in 2006. Ordinary

10   consumers would not have recognized the potential risks and dangers the APOGEE

11   synthetic mesh system posed to pelvic reconstruction patients because its uses was

12   specifically promoted to improve the health of such patients. The APOGEE synthetic mesh

13   system was used in a way reasonably foreseeable to all Defendants, and each of them, by

14   Plaintiff ELLEN AMBROFF. Defendants, and each of them, failed to provide warnings of

15   such risks and dangers to Plaintiff ELLEN AMBROFF as described herein.

16                                         30.

17        As a result of the APOGEE synthetic mesh system Plaintiff ELLEN AMBROFF

18   suffered debilitating injuries from the synthetic mesh including mesh erosion, hardening,

19   chronic pain and worsening dyspareunia leading to the need for dangerous and serious

20   vaginal surgery; required and will continue to require healthcare and services; has incurred

21   and will continue to incur medical and related expenses; has suffered and will continue to

22   suffer mental anguish, diminished capacity for the enjoyment of life, a diminished quality

23   of life, chronic debilitating pain, and other such damages.

24                                         31.

25        In doing the acts herein described, the Defendants, and each of them, acted with

26   oppression, fraud and malice, and Plaintiff is therefore entitled to punitive damages to deter

27   Defendants, an each of them, and others from engaging in similar conduct in the future.

28   Said wrongful conduct was done with advance knowledge, authorization and/or ratification

                                          - 8 -
                        COMPLAINT AND DEMAND FOR JURY TRIAL

A-9

HERSH AND HERSH
A Professional Corporation

of an officer, director and/or managing agent of the Defendants.

32.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION

### [Strict Liability]

33.

Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-32, inclusive, of this Complaint.

34.

The APOGEE synthetic mesh system was manufactured and/or supplied by the Defendants and each of them, and was placed into the stream of commerce by these Defendants, and each of them, in a defective and unreasonably dangerous condition in that the foreseeable risks exceeded the benefits associated with its design of formulation.

35.

Alternatively, the APOGEE synthetic mesh system manufactured and/or supplied by the Defendants, and each of them, were defective in design or formulation, inadequate warning or instruction and/or inadequate post-marketing warnings or instructions in that when it was placed in the stream of commerce, it was unreasonably dangerous, it was more dangerous than an ordinary consumer would expect and more dangerous than other forms of vaginal vault or rectocele repair.

36.

As a result of the defective unreasonably dangerous condition of these products manufactured and/or supplied by the Defendants, and each of them, Plaintiff ELLEN AMBROFF was caused to suffer the herein described injuries and damages.

37.

Defendants, and each of them, acted with conscious and deliberate disregard of the foreseeable harm caused by APOGEE synthetic mesh system.

- 9 -

COMPLAINT AND DEMAND FOR JURY TRIAL

A-10

HERSHANDHERSH
A Professional Corporation

38.

Defendants, and each of them, thereby acted with fraud, malice, oppression and a conscious disregard for the Plaintiff and general public's safety, who accordingly requests that the trier of fact, in the exercise of sound discretion, award additional damages for the sake of example and for the purpose of punishing the Defendants, and each of them, for their conduct, in an amount sufficiently large to be an example to others and deter the Defendants, and each of them, and others from engaging in similar conduct in the future. The aforesaid wrongful conduct was done with the advance knowledge, authorization, and/or ratification of an officer, director, and/or managing agent of Defendants.

39.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

### THIRD CAUSE OF ACTION

**[Negligence]**

40.

Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-39, inclusive, of this Complaint.

41.

Defendants, and each of them, and their representatives were manufacturers and/or distributors of APOGEE synthetic mesh system. At all times herein, Defendants, and each of them, had a duty to properly manufacture, compound, test, inspect, package, label, distribute, market, examine, maintain supply, provide proper warnings and prepare for use and sell the aforesaid product.

42.

Defendants, and each of them, so negligently and carelessly manufactured, compounded, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine and supplied aforesaid product, that it was dangerous and unsafe for the use and purpose for which it was

- 10 -

COMPLAINT AND DEMAND FOR JURY TRIAL

$A$-11

HERSHANDHERSH
A Professional Corporation

1    intended, that is, rectocele repair in Plaintiff and others similarly situated. As a result of the

2    carelessness and negligence of Defendants, Plaintiff ELLEN AMBROFF had the APOGEE

3    synthetic mesh system implanted in the manner intended by the manufacturer, and, as a

4    result, Plaintiff suffered the injuries and damages described herein.

5                                          43.

6        WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them,

7    as hereinafter set forth.

8                            **FOURTH CAUSE OF ACTION**

9                            **[Breach of Implied Warranty]**

10                                         44.

11       Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every

12   allegation contained in Paragraphs 1-43, inclusive, of this Complaint.

13                                         45.

14       Defendants, and each of them, impliedly warranted that it's APOGEE synthetic

15   mesh system, which Defendants, and each of them, designed, manufactured, assembled,

16   promoted and sold to Plaintiff was merchantable and fit and safe for ordinary use.

17   Defendants, and each of them, further impliedly warranted that its APOGEE synthetic mesh

18   system was fit for the particular purpose of correcting vaginal vault prolapse and rectocele.

19                                         46.

20       Defendants' APOGEE synthetic mesh system were defective, unmerchantable, and

21   unfit for ordinary use when sold, and unfit for the particular purpose for which they were

22   sold, and subjected Plaintiff to severe and permanent injuries. Therefore, Defendants, and

23   each of them, breached the implied warranties of merchantability and fitness for a particular

24   purpose when it's synthetic mesh system was sold to Plaintiff, in that the mesh system is

25   defective and has eroded and caused dense scarring and otherwise failed to function as

26   represented and intended.

27                                         47.

28       As a result of Defendants, and each of them, breach of the implied warranties of

- 11 -

COMPLAINT AND DEMAND FOR JURY TRIAL

A-12

HERSH AND HERSH
A Professional Corporation

merchantability and fitness for a particular purpose, Plaintiff ELLEN AMBROFF has sustained and will continue to sustain the injuries and damages described herein and is therefore entitled to compensatory damages.

48.

After Plaintiff was made aware her injuries were a result of the aforesaid product, APOGEE synthetic mesh system, Defendants, and each of them, had ample and sufficient notice of the breach of said warranty.

49.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

### FIFTH CAUSE OF ACTION

### [Breach of Express Warranty]

50.

Plaintiffs hereby incorporate by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-49, inclusive, of this Complaint.

51.

Defendants, and each of them, expressly warranted to Plaintiff and/or her authorized agents or sales representatives, in publications, and other communications intended for medical patients, and the general public, that the defective APOGEE synthetic mesh system was safe, effective, fit and proper for their intended use.

52.

Plaintiff ELLEN AMBROFF, and Plaintiff's physicians reasonably relied upon the skill and judgment of Defendants, and upon said express warranty, in using the aforesaid product. The warranty and representations were untrue in that the product caused severe injury to Plaintiff ELLEN AMBROFF and was unsafe and, therefore, unsuited for the use in which it was intended and caused Plaintiff ELLEN AMBROFF to sustain damages and injuries herein alleged.

///

HERSH AND HERSH
A Professional Corporation

- 12 -

A-13

53.

As soon as the true nature of the product, and the fact that the warranty and representations were false, were ascertained, said Defendants, and each of them, had ample and sufficient notice of the breach of said warranty.

54.

WHEREFORE, Plaintiffs prays for judgment against Defendants, and each of them, as hereinafter set forth.

### SIXTH CAUSE OF ACTION

### [Fraud]

55.

Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-54, inclusive, of this Complaint.

56.

Defendants, and each of them, falsely and fraudulently represented to Plaintiff ELLEN AMBROFF, her physicians, and to members of the general public that the aforesaid product was safe, effective, reliable, consistent, and better than the other similar pelvic repair procedures when used in the manner intended by the manufacturer.   The representations by said Defendants, and each of them, were in fact, false.   The true facts include, but are not limited to that the aforesaid product was not safe to be used for rectocele repair, and was, in fact, dangerous to the health and body of Plaintiff ELLEN AMBROFF.

57.

When the Defendants, and each of them, made these representations, they knew that they were false. Defendants, and each of them, made said representations with the intent to defraud and deceive Plaintiff ELLEN AMBROFF, and with the intent to induce Plaintiff to act in the manner herein alleged, that is to use the aforementioned product for rectocele repair.

///

- 13 -

COMPLAINT AND DEMAND FOR JURY TRIAL

A-14

58.

At the time Defendants, and each of them, made the aforesaid representations Plaintiff ELLEN AMBROFF took the actions herein alleged, Plaintiff and her physicians were ignorant of the falsity of these representations and reasonably believed them to be true. In reliance upon said representations, Plaintiff was induced to, and did, use the aforesaid product as herein described. If Plaintiff ELLEN AMBROFF had known the actual facts, she would not have taken such action. The reliance of Plaintiff and her physicians upon Defendants representations were justified because said representations were made by individuals and entities who appeared to be in a position to know the true facts.

59.

As a result of Defendants, and each of them, fraud and deceit, Plaintiff was caused to sustain the herein described injuries and damages.

60.

In doing the acts herein alleged, the Defendants, and each of them, acted with oppression, fraud, and malice, and Plaintiff is therefore entitled to punitive damages to deter Defendants, and each of them, and others from engaging in similar conduct in the future. Said wrongful conduct was done with advance knowledge, authorization and/or ratification of an officer, director and/or managing agent of Defendants.

61.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

### SEVENTH CLAIM FOR RELIEF

### [Fraud by Concealment]

62.

Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-61, inclusive, of this Complaint.

63.

At all times mentioned herein, Defendants, and each of them, had the duty and

COMPLAINT AND DEMAND FOR JURY TRIAL

A-15

HERSH AND HERSH
A Professional Corporation

obligation to disclose to Plaintiff and to her physicians, the true facts concerning the aforesaid product, APOGEE synthetic mesh system, that is, that said product was dangerous and defective, lacking efficacy for its purported use and lacking safety in normal use, and how likely it was to cause serious consequences to users including permanent and debilitating injuries. Defendants, and each of them, made the affirmative representations as set forth above to Plaintiff and her physicians and the general public prior to the date APOGEE synthetic mesh system were implanted in Plaintiff ELLEN AMBROFF, while concealing material facts.

64.

At all times herein mentioned, Defendants, and each of them, willfully, and maliciously concealed facts as set forth above from Plaintiff and her physicians, and therefore, Plaintiffs, with the intent to defraud as herein alleged.

65.

At all times herein mentioned, neither Plaintiff nor her physicians were aware of the facts set forth above, and had they been aware of said facts, they would not have acted as they did, that is, would not reasonably relied upon said representations of safety and efficacy and utilized the APOGEE synthetic mesh system for correction of vaginal rectocele. Defendants' representations were a substantial factor in Plaintiff utilizing the APOGEE synthetic mesh system for correction of vaginal rectocele.

66.

As a result of the concealment of the facts set forth above, Plaintiff sustained injuries as hereinafter set forth.

67.

In doing the action herein alleged, Defendants, and each of them, acted with oppression, fraud, and malice and Plaintiff is therefore entitled to punitive damages in an amount reasonably related to Plaintiff's actual damages, and to Defendant's wealth, and sufficiently large to be an example to others, and to deter these Defendants, and each of them, and others from engaging in similar conduct in the future.

- 15 -

COMPLAINT AND DEMAND FOR JURY TRIAL

A-16

68.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

## EIGHTH CAUSE OF ACTION

### [Negligent Misrepresentation]

69.

Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-68, inclusive, of this Complaint.

70.

At all relevant times herein, Defendants, and each of them, represented to Plaintiff ELLEN AMBROFF and her physicians that the APOGEE synthetic mesh system were safe to use to correct vaginal rectocele knowing that the APOGEE synthetic mesh system were defective and capable of causing the injuries described herein.

71.

The Defendants, and each of them, made the aforesaid representations with no reasonable ground for believing them to be true when defendants own data showed the APOGEE synthetic mesh system to be defective and dangerous when used in the intended manner.

72.

The aforesaid representations were made to the physician prescribing APOGEE synthetic mesh system prior to the date it was prescribed to Plaintiff and her physicians with the intent that Plaintiff and her physicians rely upon such misrepresentations about the safety and efficacy of APOGEE synthetic mesh system. Plaintiff and her physicians did reasonably rely upon such representations that the aforesaid product was safe for use to correct vaginal rectocele.

73.

The representations by said Defendants, and each of them, to Plaintiffs were false, and thereby caused Plaintiff's injuries described herein.

- 16 -

COMPLAINT AND DEMAND FOR JURY TRIAL

A-17

74.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

## NINTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF TERRY AMBROFF
[Loss of Consortium]

75.

Plaintiff TERRY AMBROFF hereby incorporates by reference as if fully set forth herein, each and every allegation contained in paragraphs 1-74 of this Complaint.

76.

At all times herein mentioned Plaintiffs ELLEN AMBROFF and TERRY AMBROFF were husband and wife.

77.

As a direct result of Defendants' aforesaid conduct, Plaintiffs TERRY AMBROFF and ELLEN AMBROFF, suffered a loss of love, affection, solace, moral support and physical assistance in the operation and maintenance of the home, all to his general damage in an amount within the jurisdiction of this court.

78.

WHEREFORE, Plaintiffs ELLEN AMBROFF and TERRY AMBROFF pray for judgment against Defendants as hereinafter set forth.

## TENTH CAUSE OF ACTION
[Violations of the Consumer Legal Remedies Act,
Civil Code §1750 *et seq.*]

79.

Plaintiff ELLEN AMBROFF hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-78, inclusive, of this Complaint.

80.

This Cause of Action is brought pursuant to the Consumer Legal Remedies Act

- 17 -
COMPLAINT AND DEMAND FOR JURY TRIAL

A-18

("CLRA"), California Civil Code §1750, *et seq.*

81.

The policies, acts, and practices described above were intended to result in the sale of the APOGEE synthetic mesh system to Plaintiff ELLEN AMBROFF and the general public. These actions violated, and continued to violate, the CLRA in at least the following respects:

(a)   In violation of §1770(a)(2), misrepresenting the source, sponsorship, approval, or certification of APOGEE synthetic mesh system;

(b)   In violation of §1770(a)(5), representing that the APOGEE synthetic mesh system has sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that it does not have;

(c)   In violation of §1770(a)(7), representing that the APOGEE synthetic mesh system is of a particular standard, quality, or grade;

82.

In compliance with the CLRA provision in California Civil Code §1782, Plaintiff have given written notice to each Defendant named in this Complaint of his intention to file an action for damages under Civil Code §1750, *et seq.*

83.

Plaintiff notified Defendants, and Defendants have failed, within 30 days after receipt of the Civil Code §1782 notice, to adequately respond to Plaintiff's demand to correct, repair, replace, or otherwise rectify the wrongful conduct described above. Per Civil Code §1782(b), this action for damages under Civil Code §1780 may be maintained because Defendants failed to give, or agree to give within a reasonable time, any appropriate correction, repair, replacement, or other remedy to Plaintiffs within 30 days after receipt of the §1782 notice.

84.

Plaintiff seeks actual and punitive damages for violations of the CLRA. In addition, Plaintiff is entitled to, pursuant to California Civil Code §1780(a)(2), an order enjoining the

- 18 -

COMPLAINT AND DEMAND FOR JURY TRIAL

HERSHANDHERSH
A Professional Corporation

A-19

above-described wrongful acts and practices, restitution to Plaintiff ELLEN AMBROFF, costs and attorneys' fees, and any other relief deemed appropriate and proper by the Court and under Civil Code §1780.

## PRAYER FOR RELIEF

Plaintiffs pray for judgment as follows:

Plaintiff ELLEN AMBROFF:

1.    For general damages in a sum within the jurisdiction of this Court;

2.    For medical, hospital, and incidental expenses, according to proof;

3.    For loss of earnings and for loss of earning capacity, according to proof;

4.    For punitive or exemplary damages;

5.    For such other relief as the Court deems just and proper.

Plaintiff TERRY AMBROFF:

1.    For loss of consortium and marital support, according to proof.


DATED:   April 21, 2008.

HERSH & HERSH
A Professional Corporation


By _____
NANCY HERSH
Attorneys for Plaintiffs

COMPLAINT AND DEMAND FOR JURY TRIAL

A·20

EXHIBIT B

302053

1  FARLEY J. NEUMAN, ESQUIRE - State Bar #100021
   JENKINS GOODMAN NEUMAN & HAMILTON LLP
2  417 Montgomery Street, 10th Floor
   San Francisco, California 94104
3  Telephone: (415) 705-0400
   Facsimile:  (415) 705-0411
4
5  Attorneys for Defendant McKESSON CORPORATION

**F I L E D**
Superior Court of California
County of San Francisco

MAY 1 6 2008

GORDON PARK-LI, Clerk
BY: _____
          Deputy Clerk

6

7

8             IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9             IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

10

11  ELLEN AMBROFF and TERRY
    AMBROFF,                              Case No. CCG-08-474505
12
                         Plaintiffs,       **DEFENDANT McKESSON
13                                         CORPORATION'S ANSWER TO
    vs.                                    PLAINTIFFS' UNVERIFIED
14                                         COMPLAINT**
    AMERICAN MEDICAL SYSTEMS,
15  McKESSON CORPORATION, and             **BY FAX**
    DOES ONE through TWENTY-FIVE,
16  inclusive,
17                       Defendants.
18

19                      RESPONSE TO ALLEGATIONS

20       1.     Defendant MCKESSON CORPORATION ("McKesson"), in answer to the

21  unverified complaint of Plaintiffs herein, denies each and every, all and singular, the

22  allegations of Plaintiffs' unverified complaint, and denies that Plaintiffs have been injured

23  or damaged in any of the sums mentioned in the complaint, or in any sum, or at all, as the

24  result of any act or omission of this answering defendant.

25  ///

26  ///

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St
10th Floor
San Francisco, CA
94104
(415) 705-0400

                                    -1-

DEFENDANT McKESSON CORPORATION'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT

B-1

## AFFIRMATIVE DEFENSES

### Comparative Fault

2.   McKesson alleges that Plaintiffs were themselves careless and negligent in and about the matters alleged in the complaint, and that this carelessness and negligence on Plaintiffs' own part contributed as a proximate cause to the happening of the incident and to the injuries, loss and damage complained of, and any recovery by Plaintiffs should be reduced or eliminated based upon comparative fault.

### Fault of Others and Apportionment

3.   McKesson alleges that the sole proximate cause of the injuries and damages, if any, allegedly suffered by the Plaintiffs was the negligence and fault of persons or entities other than these answering defendants, for whose acts or omissions these answering defendants are not legally or otherwise responsible. McKesson alleges that if this answering defendant should be found liable for any injury and damage to Plaintiffs, then said liability for non-economic damages to Plaintiffs must be limited to this answering defendant's proportionate share of fault, if any there be, as defined by California Civil Code Section 1431.2, et seq.

### Failure to Mitigate

4.   McKesson alleges that Plaintiffs failed to mitigate their damages. The damages claimed by Plaintiffs could have been mitigated by due diligence on their part or by one acting under similar circumstances. Any recovery by Plaintiffs should be reduced or eliminated due to their failure to mitigate their damages.

### Assumption of the Risks

5.   McKesson alleges that Plaintiffs had full knowledge of all the risks, dangerousness and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger involved in his actions and the magnitude of risk involved, assumed the risk of damages to them.

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-2-

B-2

### Improper Use of Product

6.    McKesson alleges that if Plaintiffs sustained injuries attributable to the use of any product manufactured or distributed by McKesson, which allegations are expressly denied, the injuries were caused in whole or in part by the unreasonable, unforeseeable, inappropriate and/or improper use which was made of the product. McKesson further alleges that the damages complained of in the complaint were caused in whole or in part by the misuse and abuse of the product in question.

### Statute of Limitations

7.    McKesson alleges that the Plaintiffs' complaint is barred by the applicable statute of limitations, including section 335.1 of the California Code of Civil Procedure.

### Modification of Product

8.    McKesson alleges that the injuries and damages sustained by Plaintiffs, if any, were solely and legally caused by the modification, alteration or change of the product referred to in the complaint and said modification, alteration or change was performed by persons or entities other than these answering defendants and without McKesson's knowledge or consent.

### State of the Art

9.    McKesson alleges that Plaintiffs are barred from recovery in that all products that are the subject of the complaint were in conformity with the existing state of the art and, as a result, these products were not defective in any manner.

### Laches

10.    McKesson alleges that Plaintiffs' complaint is barred by the doctrine of laches.

### Unclean Hands

11.    McKesson alleges that Plaintiffs' complaint is barred by the equitable doctrine of unclean hands.

-3-

DEFENDANT McKESSON CORPORATION'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT

B-3

**Preemption**

12.   McKesson alleges that at all times relevant to this action, McKesson was in compliance with all applicable federal and state laws, regulations, and codes, that said laws preempt the laws that are the basis for Plaintiff's claims, and that, as a result, Plaintiffs' complaint is barred.

**Intervening of Superseding Cause**

13.   McKesson alleges that the injuries and damges claimed by Plaintiff, if any, resulted from an intervening or superseding cuase and/or causes, and any act or omission ont eh part of Bayer Corporation was not the cause of such alleged injuries and damages.

WHEREFORE, McKesson prays that:

1.   Plaintiffs take nothing by reason of her claims against McKesson;

2.   Judgment be entered against Plaintiffs and in favor of McKesson;

3.   Plaintiffs be ordered to pay McKesson's costs;

4.   The court orders such other and further relief as the court deems just and proper.

DATED: May 15, 2008

JENKINS GOODMAN NEUMAN
& HAMILTON LLP

By:_____

FARLEY J. NEUMAN
Attorneys for Defendant McKESSON
CORPORATION

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-4-

DEFENDANT McKESSON CORPORATION'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT

B-4

## PROOF OF SERVICE

**CASE NAME:** *Ambroff, et al. v. American Medical Systems et al.*
**CASE NUMBER:** CGC-08-474505
**DATE OF SERVICE:** May 15, 2008
**DESCRIPTION OF DOCUMENTS SERVED:**

    ANSWER OF DEFENDANT McKESSON CORPORATION TO
    PLAINTIFFS' UNVERIFIED COMPLAINT

**SERVED ON THE FOLLOWING:**

Nancy Hersh, Esquire
HERSH & HERSH
601 Van Ness Avenue, Suite 2080
San Francisco, CA 94102-6396
Tele: [415] 441-5544
Fax: [415] 441-7586

    I am over the age of 18 years and not a party to or interested in the above-named case. I am an employee of Jenkins Goodman Neuman & Hamilton LLP, and my business address is 417 Montgomery Street, 10th Floor, San Francisco, CA 94104. On the date stated above, I served a true copy of the document(s) described above, by mail, by placing said document(s) in an envelope, addressed as shown above for collection and mailing on the date shown above following the ordinary business practices of Jenkins Goodman Neuman & Hamilton LLP. I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, said document(s) would be deposited with the United States Postal Service at a post box in San Francisco, California on the same day (at approximately 5:00 P.M.) with postage thereon fully prepaid for first class mail.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on the date stated above.

*Terri Rankin*
TERRI RANKIN

f:\docs\fjn\ambroff v. american medical systems (mckesson)\pleadings\pos.doc

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

B-5

**EXHIBIT C**

5-20-08

302053
Kain
SDH

1  FARLEY J. NEUMAN, ESQUIRE - State Bar #100021
   JAMES F. HETHERINGTON, ESQUIRE - State Bar #151331
2  PAIGE P. YEH, ESQUIRE - State Bar #229197
   JENKINS GOODMAN NEUMAN & HAMILTON LLP
3  417 Montgomery Street, 10th Floor
   San Francisco, California 94104
4  Telephone: (415) 705-0400
   Facsimile: (415) 705-0411
5
   Attorneys for Defendant McKESSON CORPORATION
6
7
8         IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
9           IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO
10
11  ELLEN AMBROFF and TERRY
    AMBROFF,                              Case No. CCG-08-474505
12
                          Plaintiffs,    **DEFENDANT McKESSON**
13                                        **CORPORATION'S SPECIAL**
    vs.                                   **INTERROGATORIES TO PLAINTIFF**
14                                        **TERRY AMBROFF, SET ONE**
    AMERICAN MEDICAL SYSTEMS,
15  McKESSON CORPORATION, and
    DOES ONE through TWENTY-FIVE,
16  inclusive,
17                       Defendants.
18
19  REQUESTING PARTY:   Defendant McKesson Corporation
20  RESPONDING PARTY:   Plaintiff Terry Ambroff
21  SET NUMBER:         ONE
22         Pursuant to Code of Civil Procedure Section 2030.010 et seq., Propounding Party
23  hereby requests that Responding Party provide verified responses to each of the following
24  interrogatories fully, separately, in writing and under oath, within thirty (30) days of
25  service hereof.
26  ///                                   EXHIBIT C-1

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-1-

McKESSON CORP.'S SPECIAL INTERROGATORIES TO PLAINTIFF TERRY AMBROFF, SET 1

## INSTRUCTIONS

1.     Responding Party shall answer each interrogatory separately, fully, in writing and under oath, unless it is objected to, in which event the objection and the reasons therefore shall be stated in lieu of an answer.  The answers are to be signed by the person making them.  The answers of Responding Party shall include all information, including hearsay, which is in the possession, custody or control of the Responding Party and his or her agents, representatives and attorneys, or in the records of Responding Party or such other persons, or otherwise available to him or her.  If Responding Party cannot provide all of the information requested in each interrogatory, he or she should provide the information which he or she can provide and explain the efforts made by him or her to obtain the information which he or she is unable to provide.

2.     If Responding Party asserts a claim of privilege in objecting to an interrogatory, or subpart thereof, and an answer is not provided on the basis of such assertion, Responding Party shall, with respect to each interrogatory, or subpart thereof:

    (a)     Identify the nature of the privilege which is being claimed; and

    (b)     Provide the following information, unless divulgence of such information would cause disclosure of the allegedly privileged information:

        (i)     for a document: (1) the type of document; (2) the general subject matter of the document; (3) the date of the document; and (4) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressee of the document, any other person who was provided a copy of the document or to whom the document was shown, and, where not apparent, the relationship of the author to the addressee and persons copies;

        (ii)     for an oral communication:  (1) the name of the person making the communication and the names of the persons present while the

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-2-

C-2

McKESSON CORP.'S SPECIAL INTERROGATORIES TO PLAINTIFF TERRY AMBROFF, SET 1

1     communication was made and, where not apparent, the relationship of the

2     persons present to the person making the communication; (2) the date and

3     place of communication; and (3) the general matter of the communication.

4         3.     The interrogatories set forth below shall be deemed to be continuing, and to

5     require supplemental responses if and when additional documents or information

6     responsive to any of the requests herein are obtained, discovered or located between the

7     time of responding to these requests and the final disposition of this action.

8         4.     Each paragraph herein shall be construed independently of and not with

9     reference to any other paragraph for the purpose of limitation.

10        5.     If you object to, or otherwise decline to answer any portion of an

11     interrogatory, provide all information called for by that portion of the interrogatory to

12     which you do not object or for which you do not decline to answer.  If you object to any

13     interrogatory on the ground that it is too broad, provide such information which is relevant.

14     For those portions of any interrogatory to which you object or which you otherwise decline

15     to answer, identify the reason for such objection.

16        6.     Whenever an interrogatory may be answered by referring to a writing or a

17     document, the writing or document may be attached as an exhibit to your answers and

18     referred to in your answers.  If the writing or document has more than one page, refer to

19     the page and section where the answer to the request can be found.

20                              **DEFINITIONS**

21        1.     As used in this request, the term "PERSON" is defined as any natural person

22     or any business, legal or governmental entity or association including, but not limited to,

23     any corporation, partnership, joint venture, firm, proprietorship, agency, board, authority,

24     commission or other such entity.

25        2.     As used in this request, the terms "PLAINTIFF", "TERRY AMBROFF",

26     "YOU", "YOUR", "YOURS," and "YOURSELF" shall mean and refer to Plaintiff Terry

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-3-                                            C-3

1    Ambroff and any agent, attorneys and all other persons acting or purporting to act on his

2    behalf.

3        3.    As used in this request, the terms "McKESSON" and "McKESSON

4    CORPORATION" shall mean and refer to Defendant McKesson Corporation and its

5    officers, employees, agents, attorneys, independent contractors and all other persons acting

6    or purporting to act on its behalf.

7                                 **SPECIAL INTERROGATORIES**

8    **SPECIAL INTERROGATORY NO. 1**

9          Do you pray for judgment for this case, *Ellen Ambroff and Terry Ambroff v.*

10   *American Medical Systems, et al.*, Case No. CCG-08-474505, in excess of $75,000?

11   **SPECIAL INTERROGATORY NO. 2**

12         Please state the amount of loss of consortium damages YOU have incurred as a

13   result of the installation of the APOGEE synthetic mesh system in Plaintiff Ellen

14   Ambroff's vagina.

15   **SPECIAL INTERROGATORY NO. 3**

16         Please state the amount of loss of marital support damages YOU have incurred as a

17   result of the installation of the APOGEE synthetic mesh system in Plaintiff Ellen

18   Ambroff's vagina

19   **SPECIAL INTERROGATORY NO. 4**

20         Are YOU a citizen of the United States?

21   **SPECIAL INTERROGATORY NO. 5**

22         Are YOU a resident of California?

23   **SPECIAL INTERROGATORY NO. 6**

24         How long have YOU been a resident of California?

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

25   ///

26   ///

-4-

C-4

1 **SPECIAL INTERROGATORY NO. 7**

2        Do YOU consider YOUR residence in California to be YOUR home?

3

4 DATED:  May 20, 2008                    JENKINS GOODMAN NEUMAN
                                         & HAMILTON LLP
5

6                                        By:_____
7                                            FARLEY J. NEUMAN
                                             JAMES F. HETHERINGTON
8                                            PAIGE P. YEH
                                             Attorneys for Defendant McKESSON
9                                            CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10ᵗʰ Floor
San Francisco, CA
94104
(415) 705-0400

McKESSON CORP.'S SPECIAL INTERROGATORIES TO PLAINTIFF TERRY AMBROFF, SET 1

# PROOF OF SERVICE

**CASE NAME:** *Ambroff, et al. v. American Medical Systems et al.*
**CASE NUMBER:** CGC-08-474505
**DATE OF SERVICE:** May 20, 2008
**DESCRIPTION OF DOCUMENTS SERVED:**

**DEFENDANT McKESSON CORPORATION'S SPECIAL
INTERROGATORIES TO PLAINTIFF TERRY AMBROFF**

**SERVED ON THE FOLLOWING:**

Nancy Hersh, Esquire
HERSH & HERSH
601 Van Ness Avenue, Suite 2080
San Francisco, CA 94102-6396
Tele: [415] 441-5544
Fax: [415] 441-7586

    I am over the age of 18 years and not a party to or interested in the above-named case. I am an employee of Jenkins Goodman Neuman & Hamilton LLP, and my business address is 417 Montgomery Street, 10th Floor, San Francisco, CA 94104. On the date stated above, I served a true copy of the document(s) described above, by mail, by placing said document(s) in an envelope, addressed as shown above for collection and mailing on the date shown above following the ordinary business practices of Jenkins Goodman Neuman & Hamilton LLP. I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, said document(s) would be deposited with the United States Postal Service at a post box in San Francisco, California on the same day (at approximately 5:00 P.M.) with postage thereon fully prepaid for first class mail.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on the date stated above.

_____
Nikki Sands

f:\docs\fjn\ambroff v. american medical systems (mckesson)\pleadings\pos.doc

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-1-

C-6

EXHIBIT B

KEN M. MARKOWITZ (SBN 104674)
SAMANTHA D. HILTON (SBN 215585)
KENNEY & MARKOWITZ L.L.P.
255 California Street, Suite 1300
San Francisco, CA 94111
Telephone:    (415) 397-3100
Facsimile:    (415) 397-3170

Attorneys for Defendant
AMERICAN MEDICAL SYSTEMS, INC.

ENDORSED FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

JUN 0 2 2008

GORDON PARK-LI, CLERK

BY: _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

UNLIMITED CIVIL JURISDICTION

ELLEN AMBROFF and TERRY AMBROFF,

Plaintiffs,

v.

AMERICAN MEDICAL SYSTEMS, McKESSON CORPORATION, and DOES ONE through TWENTY-FIVE, inclusive,

Defendants.

CASE NO.  CGC-08-474505

**AMERICAN MEDICAL SYSTEMS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

BY FAX

Defendant AMERICAN MEDICAL SYSTEMS, INC. ("AMS") answers the unverified complaint of ELLEN AMBROFF and TERRY AMBROFF (the "Plaintiffs"), served on AMS on or about April 24, 2008 (the "Complaint"), as follows:

**GENERAL DENIAL**

1.    Pursuant to Section 431.30(d) of the California Code of Civil Procedure, AMS denies generally and specifically each and every allegation of each cause of action contained in the Complaint, except as otherwise specifically admitted below, and further denies that Plaintiffs have sustained injury or damage in the sums alleged, or in any other sum or sums, or at all, and that Plaintiffs are entitled to any relief as a result of any act, conduct, or omission of AMS.

Kenney
&
Markowitz
L.L.P.

{30115.302053 0133554.DOC}                    -1-
AMERICAN MEDICAL SYSTEMS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT;
DEMAND FOR JURY TRIAL; CASE NO. CGC-08-474505

EXHIBIT  D-1

2.    AMS admits the allegations in paragraphs 1, 2 and 4 of the Complaint.

3.    AMS admits the allegations in paragraph 13 of the Complaint except it denies that "Plaintiff ELLEN AMBROFF was implanted with the AMS APOGEE synthetic mesh system in June 2006. The APOGEE synthetic mesh system was distributed by Defendant McKESSON to Dr. Robert Carter and Marshall Hospital where it was implanted into Plaintiff ELLEN AMBROFF in June 2006. The APOGEE synthetic mesh system implanted in her vagina was designed, developed, manufactured, marketed, promoted, advertised, tested, warranted and distributed by Defendants, and each of them, herein."

**FIRST AFFIRMATIVE DEFENSE**

4.    The Complaint fails to state a claim against AMS upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

5.    The Complaint is barred, in whole or in part, by the applicable statutes of limitation and/or statutes of repose.

**THIRD AFFIRMATIVE DEFENSE**

6.    Venue is improper in this Court.

**FOURTH AFFIRMATIVE DEFENSE**

7.    Plaintiffs have failed to join indispensable parties necessary for the adjudication of this matter.

**FIFTH AFFIRMATIVE DEFENSE**

8.    To the extent Plaintiffs' claims are based upon the theory providing for liability without proof of specific causation by AMS' product, the claims violate AMS' rights under the United States Constitution and the laws and/or Constitution of California.

**SIXTH AFFIRMATIVE DEFENSE**

9.    Plaintiffs' claims are barred because they are preempted by the Supremacy Clause of the United States Constitution, Article VI, Clause 2, and by the Food, Drug and Cosmetic Act, Section 521 (A) as amended 21 U.S.C.A. § 360k(a) and the regulations promulgated thereunder.

Kenney
&
Markowitz
L.L.P.

D-2

## SEVENTH AFFIRMATIVE DEFENSE

10.    Plaintiffs' claims are barred because the utility of the APOGEE synthetic mesh system outweighed the risk of that device.

## EIGHTH AFFIRMATIVE DEFENSE

11.    Plaintiffs' claims are barred because the APOGEE synthetic mesh system was designed, manufactured, marketed, and distributed in accordance with the prevailing standards and customs of state-of-the-art of the industry at the time.

## NINTH AFFIRMATIVE DEFENSE

12.    Plaintiffs' claims are barred by the doctrine set forth in *Restatement (Second) of Torts* § 402A, Comment k.

## TENTH AFFIRMATIVE DEFENSE

13.    The "learned intermediary" doctrine or similar applicable laws bar Plaintiffs' claims.

## ELEVENTH AFFIRMATIVE DEFENSE

14.    Plaintiffs' claims are barred because ELLEN AMBROFF elected to undergo surgery to have the APOGEE synthetic mesh system inserted and voluntarily assumed the risk of post-operative complications associated with such implants, therefore, Plaintiffs have waived and/or are estopped from asserting any claim related to such complications.

## TWELFTH AFFIRMATIVE DEFENSE

15.    Plaintiffs' losses, if any, were caused by events, occurrences, or conduct constituting intervening and/or superceding causes.

## THIRTEENTH AFFIRMATIVE DEFENSE

16.    Plaintiffs' alleged injuries were caused and/or exacerbated by pre-existing illnesses, injuries, and/or conditions.

## FOURTEENTH AFFIRMATIVE DEFENSE

17.    Plaintiffs' alleged injuries were idiosyncratic reactions for which AMS denies responsibility.

Kenney
&
Markowitz
L.L.P.

D-3

### FIFTEENTH AFFIRMATIVE DEFENSE

18.   Plaintiffs' alleged injuries and damages were proximately caused by the misuse and abuse of any product supplied by AMS.

### SIXTEENTH AFFIRMATIVE DEFENSE

19.   AMS denies that ELLEN AMBROFF was injured by its conduct and/or any product distributed by it.

### SEVENTEENTH AFFIRMATIVE DEFENSE

20.   Plaintiffs failed to mitigate their alleged damages and failed to prevent avoidable harm.

### EIGHTEENTH AFFIRMATIVE DEFENSE

21.   Plaintiffs' alleged damages and injuries were caused or contributed to, in whole or in part, by the negligence, fault, or other acts and/or omissions of persons or entities other than AMS, for which AMS is not responsible.

### NINETEENTH AFFIRMATIVE DEFENSE

22.   Plaintiffs' claims for breach of warranty and/or negligent misrepresentation are barred because AMS made no representations of any kind to Plaintiffs.

### TWENTIETH AFFIRMATIVE DEFENSE

23.   Plaintiffs' claims for breach of warranty are barred, in whole or in part, by the absence of privity between AMS and Plaintiffs.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

24.   Plaintiffs' claims for breach of warranty are barred by their failure to give sufficient and timely notice as required by law.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

25.   Any express or implied warranties alleged to have been made by AMS to Plaintiffs were disclaimed.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

26.   To the extent that Plaintiffs' claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to *Buckman v. Plaintiffs' Legal*

Kenney
&
Markowitz
L.L.P.

1    *Community*, 531 U.S. 341 (2001).

2    ## TWENTY-FOURTH AFFIRMATIVE DEFENSE

3    27.    AMS did not act willfully or with a conscious disregard for Plaintiffs' alleged

4    rights.

5    ## TWENTY-FIFTH AFFIRMATIVE DEFENSE

6    28.    The Fair Responsibility Act of 1986, codified at California Civil Code Section

7    1431.1 *et seq.*, limits any damages governed thereby which are awarded to Plaintiffs and against

8    AMS to that portion of Plaintiffs' non-economic damages, if any, which are attributable to AMS'

9    percentage of fault or liability, if any.

10    ## TWENTY-SIXTH AFFIRMATIVE DEFENSE

11    29.    AMS is not liable for Plaintiffs' alleged injuries and damages as AMS' alleged

12    negligent conduct and/or alleged intentional conduct was not the proximate cause of their alleged

13    injuries and damages.

14    ## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

15    30.    Plaintiffs' punitive damages claims are barred or limited by provisions of the

16    United States Constitution, state constitutions, or other applicable law, and including proscriptions

17    against double jeopardy and excessive fines and provisions assuring due process of law and equal

18    protection of the laws.

19    ## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

20    31.    AMS hereby places at issue the negligence, fault, and responsibility, if any, of all

21    persons who contributed in any degree to the injuries, damages, and/or losses alleged to have been

22    sustained by Plaintiffs, in proportion to each such person's degree of negligence, fault, or

23    responsibility.  Any judgment against AMS should be reduced to an amount that represents its

24    proportionate share of Plaintiffs' alleged total damages.

25    ## TWENTY-NINTH AFFIRMATIVE DEFENSE

26    32.    AMS reserves the right to assert any additional affirmative defenses asserted by

27    another defendant and/or allowed by the law of the jurisdiction found to apply in this case.

28

Kenney
&
Markowitz
L.L.P.



1     WHEREFORE, AMS prays for judgment as follows:

2         1.     That Plaintiffs take nothing by virtue of their Complaint and that this action be

3     dismissed with prejudice;

4         2.     For costs of suit incurred;

5         3.     For reasonable attorneys' fees incurred;

6         4.     For a judicial determination of the amount of non-economic damages, if any,

7     allocated to AMS in direct proportion to AMS' percentage of fault, if any, and a separate judgment

8     in conformance therewith; and

9         5.     For such other and further relief as the Court may deem just and proper.

10

11    DATED: June 2, 2008                    **KENNEY & MARKOWITZ L.L.P.**

12

13                                          By: _____
                                               KEN M. MARKOWITZ
14                                             SAMANTHA D. HILTON
                                               Attorneys for Defendant
15                                             AMERICAN MEDICAL SYSTEMS,
                                               INC.
16

17                          **DEMAND FOR JURY TRIAL**

18        Defendant American Medical Systems, Inc. demands that this matter be tried by a jury.

19

20    DATED: June 2, 2008                    **KENNEY & MARKOWITZ L.L.P.**

21

22                                          By: _____
                                               KEN M. MARKOWITZ
23                                             SAMANTHA D. HILTON
                                               Attorneys for Defendant
24                                             AMERICAN MEDICAL SYSTEMS,
                                               INC.
25

26

Kenney
&       27
Markowitz
L.L.P.   28

{30115.302053 0133554.DOC}                -6-
AMERICAN MEDICAL SYSTEMS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT;
DEMAND FOR JURY TRIAL; CASE NO. CGC-08-474505

 D-6

*Ambroff v. American Medical Systems, Inc.*
San Francisco Superior Court No. CGC-08-474505

## PROOF OF SERVICE

[C.C.P.§2008, F.R.C.P. Rule 5]

I, the undersigned, state:

I am a citizen of the United States. My business address is 255 California Street, Suite 1300, San Francisco, California 94111. I am employed in the City and County of San Francisco. I am over the age of eighteen years and not a party to this action. On the date set forth below, I served the foregoing documents described as follows:

## AMERICAN MEDICAL SYSTEMS, INC.'S ANSWER
## TO PLAINTIFFS' COMPLAINT FOR DAMAGES

on the following person(s) in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| Attorneys for Plaintiffs | Attorneys for McKesson |
|---|---|
| Nancy Hersh, Esq. | Farley J. Neuman, Esq. |
| Amy Eskin, Esq. | James F. Hetherington, Esq. |
| Mark E. Burton, II, Esq, | Paige P. Yeh, Esq. |
| Cynthia Brown, Esq. | JENKINS GOODMAN NEUMAN & |
| HERSH & HERSH | HAMILTON LLP |
| 601 Van Ness Avenue, Ste. 2080 | 417 Montgomery Street, 10th Floor |
| San Francisco, CA 94102-6388 | San Francisco, CA 94104 |

[X]  BY FIRST CLASS MAIL – I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service, to wit, that correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business. I sealed said envelope and placed it for collection and mailing this date, following ordinary business practices.

[ ]  BY PERSONAL SERVICE – Following ordinary business practices, I caused to be served, by hand delivery, such envelope(s) by hand this date to the offices of the addressee(s).

[ ]  BY OVERNIGHT MAIL – I caused such envelope to be delivered by a commercial carrier service for overnight delivery to the office(s) of the addressee(s).

[ ]  BY FACSIMILE – I caused said document to be transmitted by Facsimile machine to the number indicated after the address(es) noted above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this date in San Francisco, California.

Dated: June 2, 2008

JANIE CROWLEY

{30115.302053 0133426.DOC}

D-7

*Ambroff v. American Medical Systems, Inc.*
U.S.D.C., Northern District Case No. TBD

### PROOF OF SERVICE

[C.C.P.§2008, F.R.C.P. Rule 5]

I, the undersigned, state:

I am a citizen of the United States. My business address is 255 California Street, Suite 1300, San Francisco, California 94111. I am employed in the City and County of San Francisco. I am over the age of eighteen years and not a party to this action. On the date set forth below, I served the foregoing documents described as follows:

### NOTICE OF REMOVAL OF CIVIL ACTION FROM SAN FRANCISCO COUNTY SUPERIOR COURT DEMAND FOR JURY TRIAL

on the following person(s) in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| **Attorneys for Plaintiffs** | **Attorneys for McKesson** |
|---|---|
| Nancy Hersh, Esq. | Farley J. Neuman, Esq. |
| Amy Eskin, Esq. | James F. Hetherington, Esq. |
| Mark E. Burton, II, Esq, | Paige P. Yeh, Esq. |
| Cynthia Brown, Esq. | JENKINS GOODMAN NEUMAN & |
| HERSH & HERSH | HAMILTON LLP |
| 601 Van Ness Avenue, Ste. 2080 | 417 Montgomery Street, 10th Floor |
| San Francisco, CA 94102-6388 | San Francisco, CA 94104 |

[X]  BY FIRST CLASS MAIL – I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service, to wit, that correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business. I sealed said envelope and placed it for collection and mailing this date, following ordinary business practices.

[ ]  BY PERSONAL SERVICE – Following ordinary business practices, I caused to be served, by hand delivery, such envelope(s) by hand this date to the offices of the addressee(s).

[ ]  BY OVERNIGHT MAIL – I caused such envelope to be delivered by a commercial carrier service for overnight delivery to the office(s) of the addressee(s).

[ ]  BY FACSIMILE – I caused said document to be transmitted by Facsimile machine to the number indicated after the address(es) noted above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this date in San Francisco, California.

Dated: June __, 2008

JANIE CROWLEY

Kenney
&
Markowitz
L.L.P.

{30115.302053 0133685.DOC}

D-8