IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN AMBROFF and TERRY AMBROFF, | No. C-08-2764 MMC |
| Plaintiffs, | **ORDER REMANDING ACTION** |
| v. | |
| AMERICAN MEDICAL SYSTEMS and MCKESSION CORPORATION, | |
| Defendants | |

Before the Court is defendant American Medical Systems, Inc.'s ("AMS") Notice of Removal filed June 3, 2008.

In their complaint, plaintiffs assert ten state law claims, each arising from the allegation that plaintiff Ellen Ambroff was injured by a defective medical device, specifically, an "APOGEE synthetic mesh system." (See Compl. ¶ 14.) According to plaintiffs, after Ellen Ambroff's physician implanted the device, (see Compl. ¶ 13), she experienced "extreme pain and discomfort" due to the device, and thereafter had "two corrective surgeries for removal of the implanted mesh which resulted in gross deformities," (see Compl. ¶ 14). Plaintiffs further allege that Ellen Ambroff remains unable to "resume normal activities including household duties and employment" as a result of the above-referenced device. (See id.)

1  The complaint names two defendants. Plaintiffs allege defendant AMS "manufacturers, markets, advertises, promotes and sells" the "APOGEE synthetic mesh systems," (see id. ¶ 4), and that defendant McKesson Corporation ("McKesson") sold to Ellen Ambroff's medical provider the particular APOGEE synthetic mesh system that was implanted in her body, (see id. ¶ 13).

In its Notice of Removal, AMS asserts the district court has diversity jurisdiction over plaintiffs' complaint because, given the nature of the alleged injuries, the complaint, "on its face," alleges a claim for damages in excess of $75,000, (see Notice of Removal at 5:8-21), and because there is complete diversity of citizenship among the parties. In that regard, although AMS acknowledges the other defendant to the action, McKesson, is a citizen of California, the same state of which each plaintiff is a citizen, AMS contends McKesson's citizenship should be disregarded because McKesson is a "fraudulently joined" defendant. (See id. at 4:1.)

"Fraudulent joinder is a term of art." McCabe v. General Foods Corp., 811 F. 2d 1336, 1339 (9th Cir. 1987). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." Id.

Here, the complaint states a valid claim against McKesson under state law, specifically, and at a minimum, the First and Second Causes of Action, each of which are based on a theory of strict products liability. Under California law, an entity that places a defective product into the stream of commerce can be held strictly liable for injuries caused by the product. See, e.g., Bell v. Industrial Vangas, Inc., 30 Cal. 3d 268, 279 (1981) (observing manufacturers and sellers of defective products can be held strictly liable for "introducing a defective product into the stream of commerce").[1]

"The defendant seeking removal to the federal court," however, "is entitled to present the facts showing the joinder to be fraudulent." McCabe, 811 F. 2d at 1339. Thus,

---

[1] Indeed, McKesson filed an answer to the complaint while the matter was pending in state court, thus seemingly indicating it had no basis to demur to the face of the complaint.

1  in determining whether a defendant has been fraudulently joined, the district court may look
2  beyond the pleadings and consider evidence. See Morris v. Princess Cruises, Inc., 236 F.
3  3d 1061, 1068 (9th Cir. 2001) ("[F]raudulent joinder claims may be resolved by piercing the
4  pleadings and considering summary judgment-type evidence such as affidavits and
5  deposition testimony.") (internal quotation and citation omitted). The burden is on the
6  removing defendant to prove "by clear and convincing evidence" that the plaintiff cannot
7  prevail against the non-diverse defendant. Hamilton Materials Inc. v. Dow Chemical Corp.,
8  494 F. 3d 1203, 1206 (9th Cir. 2007) (noting defendant's burden is to show it is "not
9  possible" for plaintiff to prevail against non-diverse defendant).

10  Here, AMS, in an attempt to meet such burden, submits the Declaration of Larry
11  Getlin ("Getlin"), AMS's Senior Vice President of Corporation Compliance, Quality and
12  Legal. Getlin declares that AMS is the "only manufacturer and distributor of the APOGEE
13  synthetic mesh system," (see Getlin Decl. ¶ 3), and that, after a "diligent search" of orders
14  and sales,[2] AMS found "no records that it ever sold or distributed an APOGEE synthetic
15  mesh system to McKesson Corporation or any of its subsidiaries," (see id. ¶ 4).

16  The Court finds Getlin's declaration insufficient to establish it is "not possible" for
17  plaintiffs to prevail against McKesson. See Hamilton Materials, 494 F. 3d at 1206.
18  Although Getlin states AMS did not directly sell the allegedly defective device to McKesson,
19  AMS offers no evidence to show McKesson would have been unable to obtain the device,
20  once it was placed in the stream of commerce by AMS, from a wholesaler or another party
21  who purchased the device from or through AMS. Nor has AMS offered any evidence to
22  support a finding that plaintiff Ellen Ambroff's medical providers could only have obtained
23  the subject device from AMS or from an entity who directly purchased the device from
24  AMS.

25  In sum, because AMS has failed to establish by clear and convincing evidence that
26  plaintiffs cannot possibly establish any of their claims against McKesson, the Court lacks

---

[2] Getlin does not indicate who conducted the search.

diversity jurisdiction over the instant complaint.

Accordingly, the above-titled action is hereby REMANDED to the Superior Court of California, in and for the County of San Francisco.

**IT IS SO ORDERED.**

Dated: June 20, 2008

MAXINE M. CHESNEY
United States District Judge